IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN MOON,

        Plaintiff,                          No. 2:11-cv-3277 EFB P

    vs.

M. MULLIN, et al.,

        Defendants.                ORDER

                                  /

        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, a request for appointment of counsel, and a motion for a preliminary injunction. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. Dckt. No. 10; *see* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

### III.     Screening Order

Pursuant to § 1915A, the court has reviewed plaintiff's amended complaint, which supercedes the original complaint, and finds that it must be dismissed because it does not comply with Rule 8 or state a claim upon which relief may be granted.

Rule 8 rule requires the pleader to set forth his averments in a simple, concise, and direct manner.  Before undertaking to determine whether the complaint may have merit, the court must insist on plaintiff's compliance with Rule 8, and will accordingly dismiss the complaint with leave to file an amended complaint that contains only "a short and plain statement" of his claims. *See McNeil v. United States*, 508 U.S. 106, 113  (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes").

Here, plaintiff fails to provide a short and plain statement of the claim showing that he is entitled to relief.  In his twenty page complaint, accompanied by over 200 pages of exhibits, *see* Dckt. No. 6, 11, plaintiff names at least twenty defendants who allegedly engaged in a "campaign of ongoing harassment." *See* Dckt. No. 5.  Throughout the complaint, plaintiff refers generally to "defendants" without specifically linking a particular defendant to a violation of his federal rights.  By lumping all defendants together in this fashion, the complaint hardly provides defendants with "fair notice" of plaintiff's claims against them.

Additionally, plaintiff purports to file the complaint on behalf of seven other named plaintiffs, as well as "all inmates incarcerated at the California Correctional Center Facility." Throughout the complaint, plaintiff repeatedly refers to "plaintiffs," making it impossible to determine whether plaintiff is alleging a deprivation of his own rights, or those of the many other plaintiffs that he claims to represent in this action.  Plaintiff must correct this defect through an

1  amended complaint because plaintiff cannot proceed with this action on behalf of other inmates.
2  It is well-established that a layperson cannot ordinarily represent the interests of a class. *See*
3  *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966).  This rule becomes nearly absolute
4  when, as here, the putative class representative is incarcerated and proceeding pro se.  *Oxendine*
5  *v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Plaintiff cannot "fairly and adequately protect
6  the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.
7  *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976).  Thus, plaintiff cannot represent the
8  interests of a class and this action must be construed as an individual civil suit brought by
9  plaintiff.  *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney
10 has a right to appear pro se on his own behalf, but "has no authority to appear as an attorney for
11 others").

12      In light of the defects described above, and because of the rambling and unfocused nature
13 of plaintiff's allegations, the complaint is so prolix and convoluted that the court cannot
14 reasonably discharge its screening responsibility under § 1915A until plaintiff complies with the
15 pleading requirements set forth in Rule 8.  In an amended complaint, plaintiff need only provide
16 a short and plain statement of the claim showing that he is entitled to relief.

17      Additionally, plaintiff is hereby informed that because this case is only in the pleading
18 stage, he need not prove his claims with evidence at this time.  By inundating the court with
19 evidence at this stage in the proceedings, plaintiff only burdens the court, confuses the records,
20 and delays his lawsuit.  If this action proceeds to a point where submission of evidence is
21 appropriate, for example, summary judgment or trial, plaintiff will have the opportunity to
22 submit necessary evidence.  But in amending his complaint, plaintiff should simply state the
23 facts upon which he alleges a defendant has violated his constitutional rights and refrain from
24 submitting exhibits.

25      To the extent plaintiff makes allegations regarding the deprivation of his own rights, he
26 fails to state a cognizable claim.  Plaintiff alleges that (1) defendant Hagan housed him with a

cellmate who had been caught with a weapon, (2) that defendants Moore, Agee, Hagan, and Blankenship conducted a classification hearing, where plaintiff was met with "gross deliberate indifference," and (3) that defendants Reinsel and Swinney provided a convoluted response to his administrative appeal. Plaintiff's allegations are too vague and conclusory to plausibly state any cognizable claim for relief. The court hereby informs plaintiff of the following legal standards, which may or may not be relevant to the claims that plaintiff wishes to pursue in the action:

To state a claim pursuant to § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government- official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

     The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

     To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). No federal due process right is implicated by a prison's classification decisions. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("Transfers between institutions, for example, are made for a variety of reasons and often involve no more than informed predictions as to what would best serve institutional security or the safety and welfare of the inmate."); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (state actions that adversely affect a prisoner's prison classification or qualification for institutional programs, do not automatically activate a due process right); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (prisoner has no constitutional right to a particular classification or to eligibility for rehabilitative programs). Nor does the Due Process Clause create a property or liberty interest in prison employment, *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004), or in participating in a work program, *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

     To state a conspiracy claim under § 1983, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for

6

conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant. It must also adhere to the following requirements:

The amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at

1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Any amended complaint may not change the nature of this suit by alleging new, unrelated claims. *George*, 507 F.3d at 607 (no "buckshot" complaints).

**IV.    Request for Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

1   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36
2   (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must
3   consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate
4   his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560
5   F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no
6   exceptional circumstances in this case.

7   **V.      Motion for Preliminary Injunction**

8         Plaintiff has also filed a motion for a preliminary injunction to address some of the
9   allegations in the amended complaint. A preliminary injunction will not issue unless necessary
10  to prevent threatened injury that would impair the court's ability to grant effective relief in a
11  pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.
12  1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction
13  represents the exercise of a far reaching power not to be indulged except in a case clearly
14  warranting it. *Dymo Indus. v. Tapeprinter*, Inc., 326 F.2d 141, 143 (9th Cir. 1964). In order to be
15  entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on
16  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
17  balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans,*
18  *Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council,*
19  *Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit Court of Appeals has also held that the "sliding
20  scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must
21  make regarding his chances of success on the merits survives *Winter* and continues to be valid.
22  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, at 1134-35 (9th Cir. 2011). Under this
23  sliding scale the elements of the preliminary injunction test are balanced. As it relates to the
24  merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing
25  of likelihood of success on the merits. *Id.*
26  ////

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

As discussed above, plaintiff's complaint is dismissed for violating Rule 8 and for failure to state a claim upon which relief can be granted. Plaintiff is therefore unlikely to succeed on the merits of his claims, and there are no defendants against whom this court could enter an order. If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s). The court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the court will deny plaintiff's motion for a preliminary injunction or as premature.

## VI. Order

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 2) is granted.

2. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in dismissal of this action. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

3. Plaintiff's request for appointment of counsel (Dckt. No. 7) is denied.

////

////

4.  Plaintiff's motion for a preliminary injunction (Dckt. No. 8) is denied.

Dated: July 30, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE