IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN MOON,

        Plaintiff,                        No. 2:11-cv-3277 EFB P

     vs.

M. MULLIN, et al.,

        Defendants.         ORDER

                                    /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). After dismissal of his complaint pursuant to 28 U.S.C. § 1915A, plaintiff requests: (1) appointment of "class" counsel; (2) an extension of time to file an amended class action complaint through the "class attorney"; and (3) reconsideration of the court's August 22, 2012 order denying his motion to consolidate. Dckt. No. 20. For the reasons stated below, plaintiff's motions are denied and this action is dismissed.

////

////

////

1

## I.     Background

On July 31, 2012, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend. Dckt. No. 14. The court found that the complaint violated Rule 8 of the Federal Rules of Civil Procedure ("Rule") because it did not contain a short and plain statement of plaintiff's claim showing that he is entitled to relief. The court also informed plaintiff that as a pro se litigant, he could not proceed with this action on behalf of other inmates or represent the interests of a class. *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his own behalf, but "has no authority to appear as an attorney for others"). Finally, the court found that plaintiff's allegations were too vague and conclusory to plausibly state any cognizable claim for relief, and informed plaintiff of the legal standards that may apply to his intended claims for relief. The court granted plaintiff 30 days to file an amended complaint curing the deficiencies identified by the court. The court also denied plaintiff's request for appointment of counsel.

On August 13, 2012, rather than filing an amended complaint, plaintiff filed an "Emergency Motion to Consolidate" this case with another action filed by plaintiff in this district. Dckt. No. 17. On August 22, 2012, the court denied plaintiff's motion because it failed to demonstrate that this action shares a common question of law or fact with the other action, as required for consolidation pursuant to Rule 42(a). Dckt. No. 19.

Now before the court is plaintiff's August 29, 2012 motion for: (1) appointment of "class" counsel; (2) an extension of time to file an amended class action complaint through the "class attorney"; and (3) reconsideration of the order denying his motion to consolidate.

## II.    Request for Appointment of Counsel

Plaintiff requests appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.  Plaintiff's request for appointment of counsel is therefore denied.

## III. Request for Extension of Time

Plaintiff requests a 60-day extension of time "to file an amended verified class action complaint," through the assistance of an appointed attorney.  Dckt. No. 20 at 1, 6.  Plaintiff contends that the court's dismissal order, which informed plaintiff that he could not pursue a class action, was untimely, amounted to a procedural due process violation, and effectively "deemed" this action a class action.  *Id.* at 6-7.  Plaintiff's arguments lack merit.  *See* Dismissal Order, Dckt. No. 14 at 4 ("[P]laintiff cannot represent the interests of a class and this action must be construed as an individual civil suit brought by plaintiff.").  As stated in the dismissal order, it is settled law that a non-attorney "has no authority to appear as an attorney for others."  *C.E. Pope Equity Trust v. U.S.*, 818 F.2d at 697.  Despite plaintiff's insistence that this action proceed on behalf of a class of plaintiffs, *see generally* Dckt. No. 20, plaintiff cannot adequately represent the interests of a class and cannot appear on behalf anyone other than himself.  As discussed above, and in the court's dismissal order, there are no exceptional circumstances in this case calling for appointment of counsel.  Accordingly, plaintiff's request for an extension of time to file "an amended verified class action complaint" must be denied.[1]

---

[1] In his request for an extension of time, plaintiff expresses his intent to file an amended complaint for a "class action" only, and does not express any intent to file an amended complaint in accordance with the requirements set forth in the court's July 31, 2012 dismissal order. Additionally, plaintiff does not demonstrate any good cause for granting an extension of time to comply with the dismissal order.  *See* Fed. R. Civ. P. 6(b).

### IV. Request for Reconsideration

Plaintiff also seeks reconsideration of the court's August 22, 2012 order denying his motion to consolidate. Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4). Here, plaintiff's motion does not describe new or different facts or circumstances that would warrant reconsideration of the court's August 22, 2012 order.

### V. Plaintiff's Failure to Amend

As discussed, the court dismissed plaintiff's complaint with leave to amend on July 31, 2012. The dismissal order explained the complaint's deficiencies, gave plaintiff 30 days to file an amended complaint correcting those deficiencies, and warned plaintiff that failure to file an amended complaint would result in this action being dismissed. The 30-day period has expired and plaintiff has not filed an amended complaint. Nor has plaintiff, through his various filings since the court's dismissal order, expressed any intent to comply with the court's dismissal order.

### VI. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for appointment of counsel, for an extension of time, and for reconsideration (Dckt. No. 20), are denied.

2. This action is dismissed. Fed. R. Civ. P. 41(b); E.D. Cal. Local Rule 110.

Dated: September 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE