IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN MOON,

        Plaintiff,                No. 2:11-cv-3277 EFB P

     vs.

M. MULLIN, et al.,

        Defendants.         <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On September 6, 2012, the court dismissed this action and judgment was duly entered.  Dckt. Nos. 21, 22.  On September 14, 2012, plaintiff filed a request for recusal, a request for reconsideration, and an application to proceed in forma pauperis on appeal.  As discussed below, plaintiff's motions must be denied.

**I.**    **Recusal**

      Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455.  A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1).  Additionally, recusal is required under § 144 when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal

1

bias or prejudice either against him or in favor of any adverse party . . . ."

Here, plaintiff's arguments for recusal fail to establish any basis, under either § 144 or § 455, for a determination that the court's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (same); *see also United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (affidavit filed pursuant to § 144 is not legally sufficient where it contains only conclusions and is devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source). As plaintiff articulates no legitimate grounds for recusal, his motion is denied.

## II.    Reconsideration

Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4). Plaintiff fails to demonstrate circumstances demonstrating that the order dismissing this action warrants reconsideration.

## III.    In Forma Pauperis Status

Rule 24 of the Federal Rules of Appellate Procedure governs plaintiff's motion:

> a party who has been permitted to proceed in an action in the district court in forma pauperis . . . may proceed on appeal in forma pauperis without further authorization unless . . . the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed . . . .

Fed. R. App. 24. The court granted plaintiff in forma pauperis status on July 31, 2012. Dckt. No. 14. The court has not certified that plaintiff's appeal is not taken in good faith or that plaintiff is not entitled to proceed on appeal in forma pauperis. Plaintiff's motion must therefore be denied as unnecessary.

**IV.     Order**

        Accordingly, it is hereby ORDERED that plaintiff's September 14, 2012 motions (Dckt. Nos. 25, 26, 27) are denied.

DATED:  October 10, 2012.

                                                    EDMUND F. BRENNAN
                                                    UNITED STATES MAGISTRATE JUDGE